IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-149-D-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LUIS BERNAL AREYANES, | ) | |
| | ) | |
| Defendant. | ) | |

On August 26, 2013, pursuant to a written plea agreement, Luis Bernal Areyanes ("Areyanes") pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of cocaine (count one) and possession of a firearm during a drug trafficking offense and aiding and abetting (count four). See [D.E. 36, 37, 69]. On December 5, 2013, the court held Areyanes's sentencing hearing. See [D.E. 46, 49, 72]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Areyanes's total offense level to be 17, his criminal history category to be III, and his advisory guideline range on count one to be 30 to 37 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Areyanes to 37 months' imprisonment on count one and 60 months' consecutive imprisonment on count four. See id.; [D.E. 49, 72]. Areyanes appealed. On October 15, 2014, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Areyanes's plea agreement and dismissed his appeal. See United States v. Areyanes, 587 F. App'x 55, 56 (4th Cir. 2014) (per curiam) (unpublished).

On September 2, 2014, Areyanes filed a pro se motion for a sentence reduction [D.E. 86]. On September 16, 2015, Areyanes moved, thorough counsel, for a sentence reduction under 18

U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 100]. Areyanes's new advisory guideline range on count one is 24 to 30 months' imprisonment, based on a total offense level of 15 and a criminal history category of III. See Resentencing Report. Areyanes requests a 30 month sentence on count one. See id.; [D.E. 100]. On September 25, 2015, the government responded to Areyanes's petition. See [D.E. 101].

The court has discretion to reduce Areyanes's sentence on count one under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Areyanes's sentence, the court finds that Areyanes engaged in serious criminal behavior, including possessing firearms in furtherance of drug trafficking. See PSR [D.E. 43] ¶¶ 11–15. Moreover, Areyanes is a violent recidivist and has convictions for eluding arrest with a motor vehicle with two aggravating factors, sexual battery of a child between the ages of 13 and 15 years old, and reentry after deportation. See id. ¶¶ 20–23. Areyanes also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 22, 25, 40–42. Areyanes has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for being untidy. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Areyanes received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Areyanes's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Areyanes's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Areyanes's motions for reduction of sentence [D.E. 86, 100].

SO ORDERED. This 16 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge